VILLANTI, Judge.
We affirm Pedro Delgado’s conviction for trafficking in cocaine. We reverse, however, the mandatory minimum sentence imposed pursuant to chapter 99-188, Laws of Florida, and remand for Delgado to be resentenced.
Chapter 99-188 is a criminal punishment statute providing for mandatory minimum sentences for certain drug offenses. This court determined the statute was an unconstitutional violation of the single-subject rule of the state constitution in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002). In 2002, the legislature reenacted the substantive provisions of chapter 99-188 and *143 cured the single-subject violation. See ch. 02-212, Laws of Fla. The legislature also purported to make the new law retroactive to the date of the 1999 statute. However, this court found retroactive reach of chapter 02-212 to violate the Ex Post Facto Clauses of the United States and Florida constitutions in Green v. State, 839 So.2d 748 (Fla. 2d DCA), review granted, Franklin v. State, 854 So.2d 659 (Fla.2003). Thus, under the law of the Second District, chapter 99-188 is a void statute, and chapter 02-212 applies prospectively only, from the date of its enactment. Id. at 752, 755.
Persons committing offenses between July 1, 1999, and April 29, 2002, the bookends for the legislature’s attempted enactment of the void statute and its subsequent cure of the statute for prospective offenses, must be sentenced under the 1997 statutes. See id. at 750 n. 1. The State concedes that the date of Delgado’s offense falls within the window for asserting challenges to the minimum mandatory sentence and agrees that Delgado’s sentence, under the current law, is illegal. We therefore reverse and remand for Delgado to be resentenced under section 893.135(l)(b)(l)(a), Florida Statutes (1997). We also certify conflict with those cases with which we certified conflict in Green.
Reversed and remanded with directions; conflict certified.
STRINGER and KELLY, JJ., concur.